Dear Senate Robinson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Title 14A, Section 3-512(1) of the Oklahoma Statutes prohibitslicensed supervised lenders from selling goods, with limitedexceptions, in the same location where loans are made. Doesproviding origination of telephone use in the same location whereloans are made constitute a sale of goods under 14A O.S. Supp.1999, § 3-512(1)?
¶ 1 Your request letter refers to a licensed supervised lender who acts as an agent for a telephone utility by providing origination of telephone use to consumers. Such agents act on behalf of telephone utility companies to arrange initial and continuing local and long-distance telephone use at a location specified by the consumer. You ask whether providing such use constitutes a sale of goods under Section 3-512(1), and is therefore prohibited.
¶ 2 Title 14A, Section 3-512(1) is part of the Oklahoma Consumer Credit Code. Section 3-512(1) reads in pertinent part that "[a] licensee who is authorized to make supervised loans under this Part shall not engage in the business of making sales of goods at any locations where supervised loans are made[.]"[1]
¶ 3 To answer your question, we look first to the definitions section of the Oklahoma Consumer Credit Code and find the following:
 "Goods" includes goods not in existence at the time the transaction is entered into and merchandise certificates, but excludes money, chattel paper, documents of title, and instruments.
14A O.S. 1991, § 2-105[14A-2-105].
¶ 4 Section 2-105's definition of goods is identical with Section 2.105 of the Uniform Consumer Credit Code (1968 Act). This definition, however, while listing what goods are not, says only that "`goods' includes goods." To define a term by using that same term is at best ambiguous. Nor may we look to other statutes' definitions of goods to resolve the ambiguity; "[w]here a statute contains its own definition of a term used therein, the term may not be given the meaning in which it is employed in another statute, although the two may be in pari materia" (upon the same matter or subject). Oliver v. City of Tulsa,654 P.2d 607, 611 (Okla. 1982).
¶ 5 We may, however, understand a statutory term in its ordinary sense where, as in this case, the term defined is somewhat ambiguous. See 25 O.S. 1991, § 1[25-1]. The ordinary meaning of "goods" is "tangible movable personal property." Webster's Third International Dictionary 978 (1993). Using the dictionary definition of goods, coupled with the definition in14A O.S. 1991, § 2-105[14A-2-105], we conclude that goods are movable things, including things not in existence at the time the transaction is entered into and merchandise certificates, but excluding money, chattel paper, documents of title, and instruments.
¶ 6 The question is, then, whether telephone use is a movable thing, or good, under 14A O.S. 1991, § 2-105[14A-2-105], such that providing telephone use constitutes a sale of goods. Telephone use involves the transmission of energy over conducting lines. The Oklahoma Statutes confirm that "[a]ny telephone communication or message which is transmitted and received within the boundaries of the State of Oklahoma shall be an intrastate transmission. . . ." 17 O.S. 1991, § 180.6[17-180.6]. The transmitted energy takes the form of personal communications. Although movable things (telephone equipment) are used to originate and receive transmissions, the predominant nature of telephone use is the transmission of consumer-provided communications from one site to another. Neither the transmission of the communications, nor the communications themselves, constitute goods. Therefore, a licensed supervised lender may provide consumers with the origination of telephone use in the same place where loans are made, pursuant to 14A O.S. Supp. 1999 § 3-512[14A-3-512](1), because telephone use does not constitute goods.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Title 14A, Section 3-512(1) of the Oklahoma Statutesprohibits licensed supervised lenders from selling goods, withlimited exceptions, in the same location where loans are made.
 2. A licensed supervised lender who provides origination oftelephone use in the same location where loans are made does notviolate 14A O.S. Supp. 1999, § 3-512(1), because thetransaction is not a sale of goods.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DEBRA SCHWARTZ ASSISTANT ATTORNEY GENERAL
[1] The statute makes a limited exception for goods sold through vending machines, as well as for goods approved by the Administrator of the Department of Consumer Credit which are paid for in cash that is not the proceeds of a loan made by the lender.